## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:                                     CASE NO: 15-BK-07453-CED
**MARY MCDANIELS**                         CHAPTER: 13

**Debtor(s)**

_____/

#### CHAPTER 13 PLAN-_____AMENDED (IF APPLICABLE)]
**CHECK ONE:**

__X__ The Debtor certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____ The Plan contains provisions that are specific to this Plan in Additional Provisions, paragraph 8(e) below. Any nonconforming provisions not set forth in paragraph 8(e) are deemed stricken.

**1.      MONTHLY PLAN PAYMENTS**:  Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date.  Debtor[1] to pay to the Trustee for the period of ___60___ months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors pro-rata under the plan:

A.     $_3,400_ for months ___1___ through ___60___;
B.     $_____ for months _____ through _____;
C.     $_____ for months _____ through _____;

in order to pay the following creditors:

**2.      ADMINISTRATIVE ATTORNEY FEE: $_4,100_  TOTAL PAID $_1,500_____**

**Balance Due $_2,600___ Payable Through Plan $_43.33___ Monthly**

**3.      PRIORITY CLAIMS: [as defined in 11 U.S.C. §507]**

Name of Creditor                                              Total Claim

_____
_____
_____

**4.      TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

_____

[1] *All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.*

**5.       SECURED CLAIMS:**

Pre-Confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.  To the extent the Debtor makes such pre-confirmation payments, secured creditors who have filed proofs of claim prior to the claims bar date or within 14 days from the date of an order converting or dismissing this case, whichever date is earlier, shall have an administrative lien on such payment(s), *pro rata* with other secured creditors, subject to objection by the debtor or Trustee.

**(A)       Claims Secured by Real Property Which Debtor Intends to Retain/Mortgage Payments and Arrears, If Any, Paid Through the Plan:** If the Plan provides for the curing of prepetition arrearages on a mortgage, the Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan.  These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter.  The Trustee shall pay the post-petition mortgage payments on the following mortgage claims.

Name of Creditor           Collateral              Regular Monthly Pmt.           Arrearages   (if any)

_____
_____
_____

**(B)       Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income. Absent further order of this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition:

Name of Creditor                    Collateral                     Payment Amt (at 31%)

_____
_____
_____

**(C)       Liens to be Avoided/Stripped:**

Name of Creditor                    Collateral                     Estimated Amount

_____
_____
_____

**(D)       Claims Secured by Real Property or Personal Property To Which Section 506 Valuation APPLIES:**  Pursuant to 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by the Debtor's principal residence.  The secured portion of the claim, estimated below, and to be determined in connection with a motion to determine secured status, shall be paid as follows:

| Name of Creditor | Collateral | Value | Payments | Interest @_____% |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**(E)      Claims secured by Real Property and/or Personal Property to which Section 506 Valuation DOES NOT APPLY:**  Claims of the following secured creditors shall be paid in full with interest at the rate set forth below as follows.

| Name of Creditor | Collateral | Regular Payment | Interest Rate_____% |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**(F)      Claims Secured by Personal Property/Regular Payments and any Arrearages, if any, Paid in Plan:**

| Name of Creditor | Collateral | Regular Payment | Arrearages |
|---|---|---|---|
| Bayview Financial Loan | Homestead | $1,457/mo | $35,344 |
| | | | |
| | | | |

**(G)      Secured Claim/Lease Claims Paid Direct by the Debtor:**  The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan.  The automatic stay is terminated *in rem* as to these creditors and lessors upon the filing of this Plan.  Nothing herein is intended to terminate any codebtor stay or to abrogate the Debtor's state law contract rights.  The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral |
|---|---|
| | |
| | |
| | |

**(I)      Surrender of Collateral/Leased Property:**  Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  The automatic stay and any codebtor stay are terminated *in rem* as to these creditors/lessors upon the filing of this Plan.  The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

**6.      LEASE/EXECUTORY CONTRACTS:**

| Name of Creditor | Property | Assume/Reject and Surrender | Estimated Arrears |
|---|---|---|---|

_____
_____
_____

**7.      GENERAL UNSECURED CREDITORS:**    General unsecured creditors with allowed claims shall received a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provision of a subsequent Order Confirming Plan.  The estimated dividend to unsecured creditors is $____60,000_____.

**8.      ADDITIONAL PROVISIONS:**

a.      Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

b.      Payments made to any creditor shall be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court.

c.      Property of the estate **(check one)***

(1) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

(2) __X____ shall vest in the Debtor upon confirmation of the Plan.

*If the Debtor fails to check (a) or (b) above, or if the Debtor checks both (a) and (b), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

d.      The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.  The Trustee shall only make payment to creditors with filed and allowed proof of claims.  An allowed proof of claim will be controlling, unless the Court orders otherwise.

e.      Case Specific Provisions:

_____
_____
_____

The undersigned hereby declare under the penalties of perjury that I/We have read the foregoing, and the contents contained therein are true and correct to the best of my personal knowledge.

/S/      Mary McDaniels                              Dated: 08/14/2015
Debtor: Mary McDaniels

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2015 a true and correct copy of the foregoing has been deposited with an Official Notice Provider pursuant to Federal Rules of Bankruptcy Procedure, Rule 2002(g)(4) who is to furnish a copy of the foregoing to the Matrix which will be attached to the Certificate of Service subsequently filed by such Official Notice Provider on behalf of the undersigned.

By: / S / Scott Stamatakis
Scott D. Stamatakis, Esq.
Florida Bar No.:  178454
STAMATAKIS + THALJI + BONANNO
8751 North Himes Avenue
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Trial Attorney for Debtor

Stamatakis Thalji and Bonanno
Scott Stamatakis
8751 N. Himes Ave
Tampa, FL  33614

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

IN RE:  Mary McDaniels

CASE NO: 15-BK-07453-CED

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13
ECF Docket Reference No.
Judge:
Hearing Location:
Hearing Date:
Hearing Time:
Response Date:

On 8/14/2015, I did cause a copy of the following documents, described below,

Chapter 13 Plan,

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

DATED: 8/14/2015

/s/ Scott Stamatakis
Scott Stamatakis
Stamatakis Thalji and Bonanno
8751 N. Himes Ave
Tampa, FL  33614
813 282 9330
nfowler@myinjury.com

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

IN RE:  Mary McDaniels

CASE NO: 15-BK-07453-CED

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13
ECF Docket Reference No.
Judge:
Hearing Location:
Hearing Date:
Hearing Time:
Response Date:

On 8/14/2015, a copy of the following documents, described below,

Chapter 13 Plan,

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/14/2015

/s/ Jay S. Jump
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Stamatakis Thalji and Bonanno
Scott Stamatakis
8751 N. Himes Ave
Tampa, FL  33614

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| *CASE INFO* | *EXCLUDE* | *DEBTOR* |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>113A-8<br>CASE 8-15-BK-07453-CED<br>MIDDLE DISTRICT OF FLORIDA<br>TAMPA<br>FRI AUG 14 12-10-00 EDT 2015 | ~~CARYL E. DELANO~~<br>~~TAMPA~~ | MARY MCDANIELS<br>8010 PADDOCK AVE<br>TAMPA FL 33614-2825 |
| AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 | AMEX<br>PO BOX 297871<br>FORT LAUDERDALE FL 33329-7871 | BAYVIEW FINANCIAL LOAN<br>4425 PONCE DE LEON BLVD<br>CORAL GABLES FL 33146-1873 |
| BK OF AMER<br>1800 TAPO CANYON RD<br>SIMI VALLEY CA 93063-6712 | BK OF AMER<br>P.O. BOX 7047<br>DOVER DE 19903 | CITI<br>PO BOX 6241<br>SIOUX FALLS SD 57117-6241 |
| DEPARTMENT OF REVENUE<br>PO BOX 6668<br>TALLAHASSEE FL 32314-6668 | GMAC MORTGAGE<br>PO BOX 4622<br>WATERLOO IA 50704-4622 | GULF COAST COLLECTION<br>5630 MARQUESAS CIR<br>SARASOTA FL 34233-3331 |
| INTERNAL REVENUE SERVICE<br>P.O. BOX 7346<br>PHILADELPHIA PA 19101-7346 | M&I HOME LENDING<br>1901 BELL AVE STE 15<br>DES MOINES IA 50315-1067 | NELNET LOANS<br>6420 SOUTHPOINT PKWY<br>JACKSONVILLE FL 32216-0946 |
| NELNET ON BEHALF OF NSLP<br>NATIONAL STUDENT LOAN PROGRAM<br>PO BOX 82507<br>LINCOLN NE 68501-2507 | PORTFOLIO RECOVERY ASS<br>120 CORPORATE BLVD STE 1<br>NORFOLK VA 23502-4962 | SUNTRUST BANK<br>7455 CHANCELLOR DR<br>ORLANDO FL 32809-6213 |
| SUNTRUST BANK<br>PO BOX 68221<br>ORLANDO FL 32862 | SUNTRUST BK TAMPA BAY<br>PO BOX 3303<br>TAMPA FL 33601-3303 | SUNTRUST MORTGAGECC 5<br>1001 SEMMES AVE<br>RICHMOND VA 23224-2245 |
| SYNCBLOW<br>PO BOX 956005<br>ORLANDO FL 32896-0001 | SYNCBLOWES<br>PO BOX 965005<br>ORLANDO FL 32896-5005 | SUNTRUST BANK<br>ATTN- SUPPORT SERVICES<br>P.O. BOX 85092<br>RICHMOND VA 23286-0001 |
| *CM/ECF E-SERVICE*<br>UNITED STATES TRUSTEE - TPA713 7+<br>TIMBERLAKE ANNEX SUITE 1200<br>501 E POLK STREET<br>TAMPA FL 33602-3949 | *CM/ECF E-SERVICE*<br>SCOTT D STAMATAKIS +<br>STAMATAKIS THALJI AND BONANNO<br>8751 NORTH HIMES AVENUE<br>TAMPA FL 33614-1624 | *CM/ECF E-SERVICE*<br>JASON A WEBER +<br>SIROTE AND PERMUTT P.C.<br>200 EAST BROWARD BLVD SUITE 900<br>FT LAUDERDALE FL 33301-1815 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

*CM/ECF E-SERVICE*

KELLY REMICK +
CHAPTER 13 STANDING TRUSTEE
POST OFFICE BOX 6099
SUN CITY FL 33571-6099

*CM/ECF E-SERVICE*

NOTE- ENTRIES WITH A □+□ AT THE END
OF THE
NAME HAVE AN EMAIL ADDRESS ON FILE IN
CMECF